IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT JAMES REEVES         ) | |
| )| |
| Petitioner,         ) | |
| ) | |
| v.              ) | 2:09-cv-1920-IPJ-JEO |
| ) | |
| J.A. KELLER, WARDEN,        ) | |
| ) | |
| Respondent.         ) | |

## MEMORANDUM OPINION

Robert James Reeves (hereinafter "Reeves" or "the petitioner"), an inmate incarcerated at the Federal Prison Camp at Maxwell Air Force Base in Montgomery, Alabama, has filed what is nominally a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Civ. Doc.[1] 1, "Pet.").  Reeves is currently serving a 240-month sentence pursuant to a judgment entered by this court on November 4, 1999, following Reeves's conviction at trial of conspiracy to possess cocaine with intent to distribute and attempted possession of cocaine with intent to distribute, each in violation 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii) and 21 U.S.C. § 846.  (Crim. Doc.[2] 40). Pursuant to the regular procedure of this court and 28 U.S.C. § 636(b)(1)(B), Reeves's petition was assigned to a magistrate judge for preliminary review.  On October 9, 2009, the magistrate judge entered a report and recommendation concluding that the petition is due to be dismissed without prejudice for lack of subject matter jurisdiction.  (Civ. Doc. 2).  In particular, the magistrate judge concluded that, with the exception of one claim seeking "compassionate release" for health reasons under 18 U.S.C. §§ 4205(g) and 3582(c)(1)(A), each of the petition's claims, in substance, seeks relief available only under 28 U.S.C. § 2255.  Since Reeves has

---

[1] References herein to "Civ. Doc. __" are to the docket numbers assigned by the Clerk of the Court to the pleadings filed in the instant § 2241 civil case, *Reeves v. Keller*, No. 2:09-cv-1920-IPJ-JEO.

[2] References herein to "Crim. Doc. __" are to the docket numbers assigned by the Clerk of the Court to the pleadings filed in Reeves associated criminal case in this court, *United States v. Reeves*, No. 2:99-cr-0015-UWC-JEO.

previously filed a § 2255 motion that was denied on the merits, the magistrate judge determined that the new claims subject to § 2255 constitute a second or successive motion that cannot be considered by this court because there is no authorizing order from the Eleventh Circuit Court of Appeals, as required by 28 U.S.C. §§ 2255(h) and § 2244(b)(3)(A).  The magistrate judge further recommended that, while Reeves' claim for compassionate release is not governed by § 2255, this court still lacks jurisdiction to consider it pursuant to *Fernandez v. United States*, 941 F.2d 1488, 1494-95 (11th Cir. 1991), which held that whether to grant a claim for compassionate release is committed solely to the discretion of the Federal Bureau of Prisons and is not subject to judicial review.  On October 19, 2009, the court received a letter from Reeves addressed to the magistrate judge, in which Reeves emphasizes that he is pro se and requests that his petition be construed liberally and for the court to consider its merits.  (Civ. Doc. 3).  The letter has been filed by the clerk, and the court treats it as a timely objection made pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2), FED. R. CIV. P.

The court has considered the entire file in this action together with the Magistrate Judge's Report and Recommendation (Civ. Doc. 2) and has reached an independent conclusion that the Magistrate Judge's Report and Recommendation is due to be adopted and approved.  The court hereby **ADOPTS** and **APPROVES** the findings and recommendation of the magistrate judge as the findings and conclusions of the court.  In accord with the recommendation, this petition for writ of habeas corpus is due to be dismissed without prejudice.  An appropriate order will be entered.

**DONE**, this the 17th day of November 2009.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE